## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**TERRY W. SMITH,**

    **Plaintiff,**

                                  **Case No. 2:18-cv-00367**
                                  **Case No. 2:18-cv-00399**
                                  **Case No. 2:18-cv-00438**
**v.**                                  **Case No. 2:18-cv-00460**
                                  **Case No. 2:18-cv-00512**
                                  **Case No. 2:18-cv-00546**
                                  **Case No. 2:18-cv-00547**
                                  **Case No. 2:18-cv-00562**

**SOUTH CENTRAL REGIONAL JAIL**

    **Defendant.**

### **PROPOSED FINDINGS AND RECOMMENDATION**

These matters are assigned to the Honorable John T. Copenhaver, Jr., United States District Judge and are referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On July 11, 2018, the undersigned conducted a status conference to address these matters. Orders setting the status conference were mailed to the plaintiff at an address he provided following his release from custody at the SCRJ. The mail sent to the plaintiff has not been returned to the court as being undelivered. Nonetheless, the plaintiff failed to appear for the status conference.

Thus, on July 11, 2018, the undersigned entered an Order to Show Cause in each of these matters, directing the plaintiff to respond in writing by July 23, 2018, to show cause for why these civil actions should not be dismissed pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure, due to his failure to appear at the status conference and to prosecute these matters. The Order to Show Cause was sent to the plaintiff by certified mail. As of today's date, the plaintiff has not filed any written response to the Order to Show Cause or communicated with the court in any manner.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute all of these matters. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** each of these civil actions pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED** in each of the above-referenced civil actions, and a copy will be submitted

to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail one copy of the same to the plaintiff at his last provided address.

August 10, 2018

Dwane L. Tinsley
United States Magistrate Judge